UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN L. MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03147-JMS-TAB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Kevin Martin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in prison disciplinary case WCU 19-10-0141. In its order of May 3, 2022, the Court denied Mr. Martin's petition in part, as it related to his raised grounds (1) through (4). Dkt. 15. The Court reserved ruling on ground (5) of the petition, which related to whether Mr. Martin was denied a witness statement, and Mr. Martin was directed to supplement the record with evidence. *Id.* Mr. Martin submitted several filings in response that the Court has considered.[1] The respondent filed a reply to Mr. Martin's supplementation. Dkt. 19. The Court considers this matter fully briefed.

For the reasons explained below, Mr. Martin's petition is now **DENIED as to ground (5)**, this action is **DISMISSED**, and the Court **directs the clerk to enter final judgment**.

**I. Legal Standard**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

---

[1] Not all filings submitted in response to the Court's ruling were compliant. They are discussed *infra* at 4.

class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advanced written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

Only one due process right is at issue here—the right to present evidence. Prisoners have a limited right to present witnesses and evidence in their defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to requests for evidence and may deny requests that threaten institutional safety or requests that are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011).

## II. Facts

### A. Disciplinary Proceedings

On October 10, 2019, Mr. Martin was charged with a violation of the Indiana Department of Correction ("IDOC") Adult Disciplinary Code B-213, threatening staff:

> On 10/10/2019 approximately 8:20am as I, Marisha White, was performing my rounds, Offender Kevin Martin #169789 A3-104 stated the following: "Bitch I will kill you, I am not like these other motherfuckers in here. You shouldn't even be on this pod. I put a PREA on your bitch ass. I want you to write me up so I will have

it in writing that [you are] retaliating against me. Your bitch ass shouldn't be on this pod. That's how I am going to win my lawsuit. I know your [*sic*] fucking with my legal mail. Write that up bitch." I assured him that his legal mail that he gives me goes out to the mail room like it's supposed too [*sic*] and nobody is messing with his legal mail.

Dkt. 8-1.

Mr. Martin was notified of the charge and screened on June 25, 2020. Dkt. 8-2. He ultimately found guilty at his rehearing on July 28, 2020, and after his administrative appeals were unsuccessful, he filed his habeas petition pursuant to 28 U.S.C. § 2254. Dkt. 8-4; dkt. 8-7; dkt. 8-8; dkt. 1.

### B. Ground (5) of Mr. Martin's Petition and Supplementation of Record

In ground (5) of his petition, Mr. Martin argues that he requested a witness statement from Offender Runyon, who occupied the cell next to Mr. Martin's during the incident, but that this request was denied. Dkt. 1 at 2. Mr. Martin argues that if Offender Runyon's witness statement would have been collected, Runyon would have admitted that he, not Martin, threatened Ms. White. *Id.* Thus, Mr. Martin contends that the denied witness statement would have proved his actual innocence. *Id.* The respondent argues, and the screening report and Mr. Martin's lower-level appeal response indicates that Mr. Martin only requested two witnesses at screening, neither of which were Offender Runyon. Dkt. 8-2; dkt. 8-7; dkt. 8 at 8. The Court acknowledged that it appeared that the screening report was prepared by someone other than Mr. Martin. Dkt. 15 at 9.

Construing the petition in the light most favorable to Mr. Martin, the Court assumed that Offender Runyon's statement would have been material and exculpatory. *Id.* Though Mr. Martin signed his petition under penalty of perjury, he had not produced evidence, beyond his own statements, that he submitted any request for Offender Runyon's witness statement. Dkt. 1 at 4. The Court noted that "[h]is argument is void of all detail, for example, of the time, place, [and]

person to whom he made the request(s), or the content of the denial response(s) he received." Dkt. 15 at 10. Under Rule 7 of the Rules Governing Section 2254 Cases in the U.S. District Courts, the Court directed Mr. Martin to "supplement his petition with competent evidence to show what requests he made to attain Offender Runyon's testimony, and the response he received to such requests." *Id.*

Mr. Martin filed a response, an affidavit, and a motion to show cause. Dkts. 16, 17, and 18. He further filed objections and a notice of general objections. Dkts. 20 and 21. The Court considers all of Mr. Martin's filings but only to the extent that they are compliant with the Court's order directing him to supplement the record with evidence as to ground (5) of his petition. The respondent filed a reply to Mr. Martin's supplementation. Dkt. 19.

### III. Discussion

Mr. Martin's efforts to supplement his petition are convoluted at best and undermine his initial argument that he was denied Offender Runyon's witness statement by the disciplinary hearing board.

The Court reiterates from its prior order that "when a prisoner who seeks a writ of habeas corpus provides **competent evidence (such as an affidavit by someone with personal knowledge of the events**) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies." Dkt. 15 at 10 (quoting *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006)) (emphasis added). The Court has reviewed all of Mr. Martin's filings to supplement his petition, and only one filing, his affidavit, is sworn under penalty of perjury. *See* dkt. 17. Thus, the Court considers this filing the kind of competent evidence Mr. Martin was directed to provide.

However, Mr. Martin's evidence does not support his denial of evidence argument. In it, Mr. Martin describes what appear to be current issues with attaining his legal property. *Id.* These issues appear to relate to his relocation to Pendleton and/or Wabash Valley Correctional Facility and do not concretely relate to requests Mr. Martin made to anyone at Westville Correctional Facility related to evidence he sought to be presented during his disciplinary proceedings.[2] He states he submitted a written request to the warden and other staff members to attain his legal property, that he has personal knowledge that Offender Runyon and another inmate provided statements about "this conduct by this staff member" that show prejudice to him, and that he has personal knowledge that "a copy of affidavit are in [his] property in the store room," and his access to it has been denied. *Id.* at 3.

In addition, Mr. Martin attaches two statements as exhibits to his affidavit, one from Offender Runyon.[3] The Court has reviewed these signed statements but finds that they are of no help to Mr. Martin as they pre-date his conduct report and disciplinary conviction. The inclusion of these statements is not competent evidence that Mr. Martin was denied Offender Runyon's testimony. Offender Runyon's statement does not make an admission that he threatened Ms. White, and therefore, does not provide material and exculpatory evidence that Mr. Martin did not threaten Ms. White.

---

[2] Mr. "Martin's discipline was instituted at Westville Correctional Facility," and at the time he filed his petition in this action he had been transferred to Pendleton Correctional Facility. Dkt. 8 at 1, n.1. During the pendency of these proceedings, Mr. Martin was transferred again to his current location at Wabash Valley Correctional Facility. Dkt. 14 (notice of change of address April 6, 2021).

[3] Offender Runyon wrote: "I . . . was a witnesss on 8/15/2019 to the following issue. Correctional Counslor Mrs. White was at cell front of A3-104 housing offender Martin, Kevin Doc #169789 while at cell front Mrs. White stated to offender Kevin Martin . . . these exact word's 'Show me your dick and turn around and let me see how fat your ass is.' Then she continued her rounds, on A-Pod. Afterwards when c/o's came on pod offender Martin, Kevin . . . requested to speak with PREA to report the sexual harassment Mrs. White put toward the offender." Dkt. 17 at 8 (errors in original).

Further, and perhaps most telling, is that Mr. Martin's affidavit and his other unverified filings suggest that he possessed an affidavit from Offender Runyon. For example, he requests that the Court conduct an evidentiary hearing in this matter "to solve conflict and let Martin put CAB hearing [officer] on stand and Offender Runyon to testify that he provide the affidavit to Kevin Martin at Westville Facility," and Offender Runyon "would need to testify . . . that he provide Kevin Martin with this affidavit by slide it from A3-104." Dkt. 16 at 5-7 (errors in original). Additionally, Mr. Martin contends that an "exhibit he obtain[ed] by Offender Runyon at Westville are in the store room with this case material," which he has been unable to access. *Id.* at 12; dkt. 17 at 3; dkt. 21 at 6.

The respondent argues that if Offender Runyon provided an affidavit to Mr. Martin before the hearing, "then Martin could have produced the affidavit at the hearing, and would not have needed to request a statement from Offender Runyon." Dkt. 19 at 3. The Court agrees. If Mr. Martin indeed possesses such statement from Offender Runyon that he received while he was at Westville Correctional Facility, then he has undermined the initial argument raised in his petition that the disciplinary hearing board was responsible for ignoring or rejecting his requests to collect this witness testimony and thus denied him the opportunity to present evidence. None of Mr. Martin's filings explain how he was somehow prevented from presenting an affidavit that was already in his possession at his disciplinary hearing.

In sum, Mr. Martin has not sufficiently supplemented his petition with competent evidence in support of ground (5), and therefore, he is not entitled to habeas relief on this ground that he was denied a witness statement. Because all other grounds were previously denied, **his petition must now be dismissed.**

### IV. Plaintiff's Show Cause Motion [Dkt. 18]

Mr. Martin filed a "show-cause motion" which again raises issues with his ability to access his legal material at Wabash Valley Correctional Facility. Dkt. 18. Any relief that Mr. Martin seeks in this motion is unclear, but he references the Court's May 31, 2022, deadline for him to supplement the record and appears to be asking to be excused from making late filings after that deadline. *Id.* To the extent that Mr. Martin is requesting that his filings to supplement the record made on June 3, 2022, be considered timely because any delays were no fault of his own, the respondent has not challenged the timeliness of these filings. Likewise, the Court has considered these filings timely and has reviewed their contents. Accordingly, Mr. Martin's motion to show cause, dkt. [18], as it relates to the timeliness of his filings, is **DENIED as unnecessary**. It is **DENIED** as to any other requested relief.

### V. Conclusion

For the reasons outlined above, Mr. Martin has not presented competent evidence to support that he was denied a witness statement as he argues in ground (5) of his habeas petition. Mr. Martin is not entitled to habeas relief on any of the grounds raised in his petition, thus, his petition is **DENIED**, and this action is **DISMISSED with prejudice**.

Mr. Martin's motion to show cause, dkt. [18], is **DENIED**.

Final Judgment shall now issue.

**IT IS SO ORDERED.**

Date: 3/1/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN L. MARTIN
169789
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov